ANTHONY CHASE *vs.* ETHAN ALLEN.

In an agreement consisting of several stipulations, the damages for a breach of which cannot be well ascertained and valued, a certain sum, stipulated to be paid for a breach of any stipulation, is to be regarded as liquidated damages.

The owners and occupants of real estate in a certain part of a city subscribed $11,000 to aid A in building a hotel there, and the agreement between A and the subscribers was deposited with C, for the benefit of all parties; and A, upon receiving payment of the amount of this subscription, agreed, in case he should fail to build the hotel within a certain time, and in a certain manner, to refund the money with interest, and pay " full damages to the subscribers for their trouble and disappointment; " and afterwards, upon receiving notes of some of the same persons and of others for an additional like subscription of $9,000, gave a bond to C, conditioned, in case of failure to fulfil his agreement, to pay to C on demand, for the benefit of the original subscribers, $11,000 with interest, to discharge the subscribers of the second agreement from all liability thereon, and to " further pay to C, for the benefit of all the subscribers, in proportion to the amount of their subscriptions, the additional sum of $20,000, not as a penalty, but as fixed and liquidated damages, and subject to no deduction." *Held,* that this sum of $20,000 was liquidated damages, and not a penalty; and that, upon A's breach of the agreement, C might maintain an action against him for a portion thereof equal to the subscriptions of all those who had waived any rights under the first agreement, and had not settled and released their claims upon A.

ACTION OF CONTRACT upon a bond dated April 29th 1854, in the penal sum of fifty thousand dollars, with this condition :

" The .condition of this obligation is such, that whereas the said Ethan Allen has already received the sum of eleven thousand dollars, to aid him in constructing a hotel, according to the terms of a contract signed by Ethan Allen, John F. Pond and others, bearing date the 27th day of April A. D. 1853, and now deposited with said Anthony Chase ; and whereas William C. Clark and others have made an additional subscription, to the

amount of nine thousand dollars, payable when the hotel referred to in said contract shall be completed, at any time on or before the twenty seventh day of October, A. D. 1856; and whereas the said Allen, in consideration of said original contract, and of said additional subscription, has agreed that he will complete said hotel, according to the terms of said contract, and also according to" certain plans and specifications, on or before that day, and will do certain portions of the work during the year 1854; "and has further agreed, that in case he shall fail to fulfil said agreement, he will pay to said Anthony Chase, on demand, for the benefit of the subscribers to said original contract, who have paid their subscriptions, the sum of eleven thousand dollars, with interest from the time when the same was paid to said Allen; to be paid by said Anthony Chase to said subscribers, in proportion to the several sums subscribed by them; and will also discharge the subscribers for the additional sum of nine thousand dollars from all liability and obligation to pay the same; and will further pay to said Chase, for the benefit of all the subscribers, in proportion to the amounts of their subscriptions, the additional sum of twenty thousand dollars, not as a penalty, but as fixed and liquidated damages, and subject to no deduction. Provided however, that in case said hotel shall be destroyed or partially injured by fire in the course of erection, before the twenty seventh day of October A. D. 1856, a reasonable time beyond that day shall be allowed to said Allen to complete said hotel, having regard to the extent of the injury sustained by fire; and provided further, that in case of the death of said Ethan Allen before the twenty seventh day of October A. D. 1856, the personal representatives of said Allen shall be liable for no more than said sum of eleven thousand dollars, and the interest which shall accrue thereon: Now if said Ethan Allen shall well and truly perform his agreement, as aforesaid, then this obligation shall be void; otherwise, shall remain in full force and virtue."

The case was submitted to the decision of this court, and argued in Worcester at October term 1858, upon a statement of facts, the material part of which was as follows:

By the original contract for the subscription of $11,000, the defendant agreed with the subscribers that the hotel should be completed within two years and a half from the 27th of April 1853, and it was agreed that the contract should be deposited in the hands of the plaintiff, (who was one of the subscribers,) for the benefit of all parties. The defendant, upon receiving payment of this subscription, agreed that, if he should fail to erect the hotel according to the contract, he would refund all the money so paid, with interest, and would also pay "full damages to the subscribers for their trouble and disappointment;" provided that in case of his inability, by reason of death, to complete said building, his representatives should pay no damages, by reason of this original provision, beyond the sums so received by him, and interest.

The agreement for the subscription of $9,000 was made at the same time as the bond declared upon, and was signed by a portion only of the original subscribers and by many other persons.

The hotel was to have been built on the corner of Main and Pleasant Streets in the southerly part of the city of Worcester, where many of the subscribers owned real estate or transacted business. It has never been built.

The subscribers of the second agreement gave notes for the amount of their subscriptions, payable on the completion of the hotel; but no payment of those notes has ever been made or demanded.

On the 30th of March 1855 many of the subscribers of the agreements acknowledged in writing that they had received of the defendant a certain sum of money in full satisfaction of any sums to which they might be entitled by virtue of the provisions of the bond, and released all claims upon the defendant by virtue of the bond, and directed the plaintiff not to commence any proceedings against the defendant, under or by reason of the bond, to enure to their benefit.

On the 28th of October 1856 the plaintiff made upon the defendant the following demand in writing: " Worcester, October 28th 1856. Ethan Allen, Esq.: By your bond to me, executed

April 29th 1854, you engaged to erect a hotel on your land, corner of Main and Pleasant Streets, and complete the same on or before October 27th 1856. That time having expired, and the building not having been erected, I hereby, in behalf of those for whom I hold said bond, demand of you payment of the sev eral sums agreed by you to be paid in default of your perform ance of your agreement to erect said hotel, being the sums received by you, with interest from the time of payment, and the further sum of twenty thousand dollars. Any releases you may have obtained from any of the subscribers may be produced by you, and the amounts so released will be deducted from the sums to be paid by you. Respectfully yours,

" Anthony Chase, as Trustee."

*C. Allen & H. Chapin*, for the plaintiff.

*F. H. Dewey*, for the defendant, cited Sedgwick on Damages (2d ed.) 396–426 ; 2 Greenl. Ev. § 257 ; *Shiell* v. *M'Nitt*, 9 Paige, 101 ; *Jackson* v. *Baker*, 2 Edw. Ch. 471 ; *Beale* v. *Hayes*, 5 Sandf. 640 ; *Haldeman* v. *Jennings*, 14 Ark. 329 ; *Thorough-good* v. *Walker*, 2 Jones (N. C.) 15 ; *Merrill* v. *Merrill*, 15 Mass. 488 ; *Kellogg* v. *Curtis*, 9 Pick. 534 ; *Shute* v. *Taylor*, 5 Met. 64.

BIGELOW, J.[*] The determination of the question, whether a sum named in a contract, to be paid for a breach, is to be regarded as a penalty, or as liquidated and ascertained damages, depends not so much on the form or language of the contract, as upon its subject matter, and the nature of the covenants or agreements, for a breach of which the damages are stipulated to be paid. *Hodges* v. *King*, 7 Met. 583. Mayne on Damages, 68. The rule of construction applicable to such stipulations is now well settled. Where a party agrees to pay a certain sum in case he fails to perform any one of divers acts which are of different degrees of importance, and which are capable of being estimated and measured in money, the sum named as damages is to be treated as a penalty ; but if the contract consists of several stipulations, the damages for a breach of which cannot be well ascertained and valued, then the parties are deemed to have

---

[*] MERRICK, J. did not sit in this case.

intended that the sum agreed on shall be treated as liquidated damages, from which there is to be no deduction. *Green* v. *Price*, 13 M. & W. 701, 702, and 16 M. & W. 346. *Atkins* v. *Kinnier*, 4 Exch. 783. *Curtis* v. *Brewer*, 17 Pick. 513. *Heard* v. *Bowers*, 23 Pick. 455.

The case at bar clearly falls within the latter branch of this rule. The subject matter of the contract is such as to render it quite impossible to form any estimate of the damages occasioned by a breach of its stipulations. No standard by which the damages can be measured is furnished by the contract itself, nor would extrinsic evidence afford any means by which they could be accurately or even approximately ascertained. The persons who subscribed to the fund to aid the defendant in erecting a hotel were prompted to do so by the expected benefit which would thereby accrue to them respectively by enhancing the value of their real estate, and by increasing the business in that part of the city of Worcester. It is obvious that the damages which each would sustain by the loss of this anticipated benefit are peculiarly uncertain and difficult of estimation in money. This is therefore one of those cases where it must be presumed that the parties stipulated for the payment of a fixed sum of money absolutely, from the difficulty of ascertaining any exact amount of damage which would be sustained by a breach of the agreement.

We have no doubt that the bond declared on was intended as a substitute for the agreement by which the defendant, on receiving the amount of the first subscription, agreed to pay damages to each of the subscribers, in case of a failure to fulfil the contract on his part. The defendant cannot therefore be held liable to the same persons on both agreements. Those only can claim damages in this action who have not settled with the defendant and released their claims, and who shall elect to waive their claims to damages under the first contract.

*Judgment for the plaintiff.*